# Denver Supply Company v. Robert P. Coldren, Appellant.

*Sales—Oral contract—Terms—Case for jury—Issue as submitted.*
In an action on an oral contract for the sale of a tractor, the case is for the jury, where the issue is whether or not the machine complied with the specifications of the contract.

Where the case has been submitted to the jury in accordance with the evidence introduced on the respective sides developing the issue, the defeated party after the verdict, cannot be heard on an appeal with respect to the correctness of the submission, particularly where no request was made on behalf of the defendant, after the delivery of the charge, for correction of any errors alleged to have been made, nor request for specific instructions as to matters alleged to have been omitted from the charge.

Argued March 18, 1927. Appeal No. 70, October T., 1926, by defendant from judgment of C. P. Lancaster

County, September T., 1924, No. 28, in the case of
Denver Supply Company, a Pennsylvania Corporation,
v. Robert P. Coldren. Before PORTER, P. J., HENDER-
SON, TREXLER, KELLER, LINN, GAWTHROP and CUNNING-
HAM, JJ. Affirmed.

Assumpsit on oral contract.   Before HASSLER, J.
The facts are stated in the opinion of the Superior
Court.
Verdict for plaintiff in the sum of $1,012.85 and
judgment thereon.   Defendant appealed.

*Errors assigned* were the charge of the Court and
the refusal to grant a new trial.

*John A. Coyle,* and with him *M. G. Schaeffer,* for
appellant.

*Guy K. Bard,* for appellee.

OPINION BY HENDERSON, J., April 22, 1927:
The plaintiff entered into an oral contract with the
defendant for the sale to the latter of a tractor. The
defendant admits the making of the contract, but al-
leges that a part of it was that the machine was to be
left on trial with him for two weeks, at the end of
which time "if it handled all our work satisfactorily,
it was a deal." The version of the contract set forth
in the affidavit of defense was that "under said agree-
ment the plaintiff was to deliver said tractor to the
defendant at his farm in East Cocalico Township, and
the defendant was to give said tractor a trial or trials,
and if the tractor did not suit the defendant in every
way, he, the defendant, would be under no obligations
to take the tractor, or pay for the same, provided notice
to this effect was given to the plaintiff within two
weeks after the delivery of the tractor to the defend-

ant." The tractor was delivered. The question was whether it operated to the satisfaction of the defendant. Witwer, the president of the plaintiff company, testified that all the defendant asked was that the tractor furnish sufficient power to operate a Racine thresher owned by his father. This evidence was admitted without objection, and much of the testimony related to the manner in which the machine worked in connection with the thresher referred to. The defendant and several witnesses testified at some length to the effect that it lacked power to operate the thresher in threshing uncut sheaves of oats, and the defendant said that after several trials, he was not satisfied and notified the president of the plaintiff company that the tractor was unsatisfactory and he would not keep it. The plaintiff admitted the tractor was to develop sufficient power to operate the threshing machine, and Witwer testified that "the circumstances were that if the 10-20 tractor was too light, they (the defendant) would take a 10-30 instead," in which case the exchange would be made at the expense of the plaintiff. The plaintiff denied the receipt of notice that the tractor did not suit; Witwer testifying on the contrary that the defendant told him it was satisfactory, and that he made arrangement with the witness for postponing the time of payment for it for reasons then given by the defendant. The assignments of error relate to the charge of the court and the refusal to grant a new trial. They consist in part of objections to the form in which the case was submitted and to omissions alleged to have been made by the trial judge in stating the case to the jury. We think it clear from a careful perusal of the evidence in the light of the statement of claim and the affidavit of defense that the case was tried on the issue whether the tractor worked satisfactorily. The jury was instructed that if it did not do so, the defendant was not liable, but

that the dissatisfaction must not be capricious and set up for the purpose merely of defeating the action. Complaint is made in the 4th assignment that the court submitted to the jury a different issue from that raised by the pleadings, and a part of the charge is quoted in the assignment in support of that position. The part referred to is to be read however in connection with what precedes and follows it from which it appears that the part quoted is contained in a recital by the court of the testimony of the president of the company with respect to the terms of the contract. It is true that the statement of claim does not include as a part of the contract the condition stated by the witness at the trial, but the condition is more favorable to the defendant than the contract as recited in the statement of claim. It is a well established rule where a case has been submitted to the jury in accordance with the evidence introduced on the respective sides developing the issue, that after verdict, the defeated party should not be heard on appeal with respect to the correctness of the submission. Moreover, no request was made on behalf of the defendant, after the delivery of the charge, for correction of any errors alleged to have been made, nor was request presented for specific instructions with reference to the matters alleged to have been omitted from the charge. As the evidence was contradictory, the determination of the terms of the contract was necessarily for the jury, and it is evident that the verdict was based on relevant testimony which the jurors deemed credible. We find no substantial reason for a reversal of the judgment. The issue was not difficult of apprehension by the jury under the evidence, and as the trial judge was unable to find reasons for a new trial, we are not inclined to disturb the result arrived at.

The judgment is affirmed.